IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK LAWLER and LINDA LEVINE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-91-GPM |
| ) | |
| JOHNSON & JOHNSON, DEPUY ) | |
| ORTHOPEDICS, INC., and DEPUY, INC., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is before the Court for an initial review. The Court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, Plaintiffs seek to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d

424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936).

Plaintiffs are citizens of Illinois. It is alleged that Defendant Johnson & Johnson is a New Jersey corporation with its "headquarters" in New Jersey. Plaintiffs must clarify that headquarters is the same as "principal place of business" in this instance. The Court is also confused by Plaintiffs' allegations concerning Defendant Dupuy Orthopedics, Inc., and Dupuy, Inc. Plaintiffs act as if these two parties are one entity with a principal place of business in Indiana – or two entities who both have their principal place of business in Indiana. This must be clarified, and Plaintiff must identify the state of incorporation for both parties, as this information is entirely lacking in the notice of removal.

Finally, the Court is satisfied that the amount in controversy requirement is met because it does not appear to a legal certainty that the claims are really for less than the jurisdictional amount. *See Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiffs shall, on or before **April 13, 2006**, file

an amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 03/14/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge